IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| RE: Michael Allan McNeil | * | Case No. 12-18903 DER |
| Debtor | * | Chapter 13 |
| _____ | * | Adversary Proceeding No. _____ |
| MICHAEL ALLAN MCNEIL | * | 12-00829 |
| Plaintiff | * | |
| v. | * | |
| V. PETER MARKUSKI, JR. | * | |
| Defendant | * | |
| | * | |

*****************************************************************

## COMPLAINT

**COMES NOW**, Michael Allan McNeil, the Plaintiff and asks this to hold proceedings to determine the validity, priority, or extent of a lien or other interest in property that the Defendant **V. Peter Markuski, Jr.** may or may not have along with the dischargeability of his claims in bankruptcy.

# FACTS
# JURISDICTION AND VENUE

1. This Adversary Proceeding is brought pursuant to FRPB 7001 (2) seeking an order, judgment and decree from this Court determining the validity, priority, and extent of any liens, claims, encumbrances, and interests, including any interests of the various claims of V. Peter Marcuski submitted to this court in the Plaintiff's main Bankruptcy Case.

2. This Adversary Proceeding is brought pursuant to FRPB 7001 (2) seeking an order, judgment and decree from this Court determining the validity, priority, and extent of any liens, claims, encumbrances, and interests, including any interests of the various claims of V. Peter Marcuski submitted to this court in the Plaintiff's main Bankruptcy Case.

3. This Adversary Proceeding is also brought pursuant to FRPB 7001(6) a proceeding to determine the dischargeability of a debt claimed owed to V. Peter Marcuski.

4. This Adversary Proceeding is also brought pursuant to FRPB 7001 (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing;

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §§105, 547 and 550.

6. Venue in this proceeding is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

7. This Complaint is a core proceeding pursuant to 28 U.S.C. §157(b)(2) arising out

of and relating to the Chapter 11 case of the Debtor, which is currently pending in this Court.

## THE PARTIES

8. The Plaintiff is a citizen of Columbia, Howard County, Maryland and he is a Debtor under Chapter 13 of Title 11 of the United States Code.

9. The Defendant V. Peter Markuski, Jr is a citizen of Maryland and is an attorney who's office is located in Laurel, Maryland,.

## FACTS COMMON TO ALL COUNTS

10. On May 10, 2012, the Plaintiff files a voluntary petition for chapter 13 bankruptcy with this court.

11. On July 16, 2012 the Defendant files his proof of claim (Claim 3-3) against the Plaintiff alleging the following:

   a. That the Defendant has a secure lien against the Plaintiff's Property.

   b. That the Defendant's is a "Domestic Support Obligation"

   c. That the Defendant has multiple Judgments a against the Plaintiff which are as follows:

       i. Judgment entered on 1/15/10 for $8,591.75 which was paid.

       ii. Judgment entered on 12/22/10 for $21064.05 which which he is claiming interest on for $2,914.34.

       iii Judgment entered on 4/29/11 for $7026.65 which which he is claiming interest on for $725.76

      iv      Judgment entered on 12/2/11 for $15,527.45 which which he is claiming interest on for $680.56

12. The only recorded judgment against the Plaintiff by the Defendant was indexed on December 29, 2011 for the amount of $21.064.05

13. Defendant's has filed a fraudulent claim stating he has a secure lien upon the Plaintiff's property for $47,936.81, when at most the Defendant could only possibly claim as secure lien upon the Plaintiff's of approximately $24000.00.

14. On August 16, 2012 the Defendant files a priority claim (Claim 4-1) against the Plaintiff's estate for $18102.53, claiming that that claim is part of a Domestic Support Order, where he claims that that claim is priority.

15. The Defendant is fraudulently trying to obtain a preference by filing a claim under oath in order to obtain more monies from the Plaintiff's Bankruptcy Estate which he is simply is not entitled to.

16. The Defendant is claiming is also claiming that the monies ordered by the Howard County Circuit Court is a Domestic Support Order in accordance with the Bankruptcy Code.

17. The Defendant is not a spouse of the Plaintiff's child, nor his child's parent, nor is he any of the Plaintiff's legal guardian, or a responsible relative of the Plaintiff's children, nor is he a government entity. Additionally, none of the monies that he is claiming is recoverable by the aforementioned persons or entity.

18. The monies owed to the Defendant do not meet Section 101(14A)'s definition of a support obligation.[1]

19. It should be noted, that Section 101(14A) was put in as part of Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

20. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") of section 101(14A) Congress codified the definition of "Domestic Support Order" where before the definition was determined by the Judiciary.

---

1   Section 101(14A) of the Code states:
The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
(A) owed to or recoverable by--
    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
    (ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record; or
    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

## COUNT 1 – THE DEFENDANT FILED A FALSE SECURE CLAIM

21. The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-20 above.

22. The Defendant has lied to this court and informing this court that all his claims were based off a lien of the Plaintiff's property.

23. The Defendant does not have a lien against the Plaintiff property as stated in his claim.

24. The Defendant knowing he does not have lien for the full amount that he claims compounded his lies by informing this court that he had judgment lien which entitled him to 10% interest on all monies owed.

25. The Defendant and his attorney are attorneys who have been admitted to this court.

26. The Defendant's claims were filed in "bad faith"

27. The Defendant and his attorney willfully lied to this court about the nature and the extent of the Defendant's claims against the Plaintiff.

**WHEREFORE,** the Plaintiff prays concerning **Count 1** that this court do one or any combination of the following to bring about justice:

    1. Order that the Defendant's Claim be Denied or Disallow the Defendant's claim if it has the authority to do so.

    2. Order that the Defendant's Claim be denied as secure claim in the entirety.

3. Determine and Order the adjustment of the Defendant's claim to reflect the secure amounts, interest and insecure amounts would have been filed if the Defendant had filed a claim that was truthful and honest.

4. Order that the Defendant or his attorney be fine or imprison for filing a fraudulent claim.

5. Order any such relief that this court can grant to further justice in this case and to cause the Defendant and his attorney not to willfully lie to this court again.

## COUNT 2 – THE DEFENDANT DOMESTIC SUPPORT CLAIM

28. The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-24 above.

29. The Defendant claim is not a "Domestic Support Order" as defined by Congress. And therefore is not a priority "Domestic Support Order" claim.

**WHEREFORE**, the Plaintiff ask that this court as to **Count 2** to determined that the Defendant's claims are not a Domestic Support Order Claims, and ordered that the Defendant's claims be denied as Domestic Support Order claims, along with ordering any such relieve that his court can grant to further the cause of justice.

## COUNT 3 – CONSERNING THE DISCHARGEABILITY OF THE DEFENDANT'S CLAIM

30. The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-28 above.

31. The Defendant claim is not a "Domestic Support Order" as defined by Congress. And therefore is not a priority "Domestic Support Order" claim.

32. The Defendant has claimed that his claims can not be discharged in bankruptcy but must be paid 100% in full.

**WHEREFORE**, the Plaintiff ask that this court as to **Count 3** to Order that the Defendant's claims are not "Domestic Support Order" and that they can be discharged in bankruptcy along with ordering any such relieve that his court can grant to further the cause of justice.

_(signature)_
Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com