IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE: | : | |
| MICHAEL ALLAN MCNEIL | : | Case No. 12-18903 |
| Debtor | : | Chapter 13 – Judge Rice |
| MICHAEL ALLAN MCNEIL | : | |
| Plaintiff | : | |
| v. | : | Adv. No. 12-00829 |
| V. PETER MARKUSKI, JR. | : | |
| Defendant | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In support of its Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), Defendant, V. Peter Markuski, Jr. ("Markuski"), by and through his counsel, Jeffrey W. Bernstein, Esquire, and Goozman, Bernstein & Markuski, respectfully submits the following Memorandum of Points and Authorities ("Memorandum").

**INTRODUCTION**

Plaintiff, Michael McNeil's ("McNeil") Complaint attacks Markuski's claims filed in this case for attorney's fees awarded or claimed against McNeil arising from his appointment as the Best Interest Attorney ("BIA") by the Circuit Court for Howard County, Maryland, for McNeil's minor children in the case of *McNeil v. McNeil*, Case No. 13-C-08-75254 (the "Domestic Litigation"). Specifically, McNeil requests this Court to determine the validity, priority, and

1

dischargeability of the two (2) proofs of claim filed by Markuski in the Debtor's Chapter 13 Bankruptcy Case. Markuski filed Claim No. 3-3 in the total amount of $47,936.81 asserting various judgments entered in his favor against McNeil in the Domestic Litigation (i) constituted Domestic Support Obligations pursuant to 11 U.S.C. §101(14A), (ii) were entitled to priority under 11 U.S.C. §507(a)(1)A, and (iii) was a secured claim. Markuski also filed contingent Claim No. 4 in the amount of $18,102.53 based on services performed by Markuski as BIA in the Domestic Litigation, but which as of the Petition Date, had not been approved by the Circuit Court.[1]

### FACTUAL BACKGROUND

On July 31, 2012, McNeil filed an Objection to Claim No. 3-3 (Docket No. 40), alleging that the judgments entered in favor of Markuski (i) did not constitute child support, (ii) were not a perfected lien against any real property interests owned by the Debtor, and (iii) were not valid due to irregularities and improprieties in the Domestic Litigation. Similarly, the Debtor filed an Objection to Claim No. 4 (Docket No. 61), alleging that (i) the fees claimed did not constitute child support and (ii) challenging the validity of the Circuit Court Order appointing Markuski as BIA.

On August 23, 2012, McNeil filed a proposed First Amended Chapter 13 Plan which treated Markuski's claims as unsecured (Docket No. 56). Markuski filed responses to McNeil's Objections to his claims (Docket Nos. 46 and 47) and an Objection to the Debtor's Amended Chapter 13 Plan (Docket Nos. 33 and 78), in which Markuski asserted Claim No. 3-3 as secured, and that both claims constituted priority debts, and addressed McNeil's claims of fraud and irregularities in the Domestic Litigation.

---

[1] All claimed BIA fees had to be submitted to the Circuit Court by Petition, and could only be approved by the Court after considering any objections filed by McNeil.

2

On September 26, 2012, the Debtor's Objection to Markuski's two (2) proofs of claim and confirmation of Debtor's Amended Chapter 13 Plan were heard before the Court at an evidentiary, along with other pending motions.  The Court, after providing both parties ample opportunity to present evidence and legal argument in support of their respective positions, entered Orders that Markuski's Claim No. 3-3 and Claim No. 4 constituted claims for Domestic Support Obligations and were entitled to priority under 11 U.S.C. §507(a)(1) and that Claim No. 3-3 was secured against any interest the Debtor had on certain real property located in Howard County, Maryland (Docket Nos. 85 and 90).  Furthermore, the Court in part denied Confirmation of the Debtor's Chapter 13 Plan based on its failure to afford priority and/or secured status treatment to Markuski's Claims (Docket No. 84).  Subsequently, McNeil filed a Motion to Reconsider this Court's overruling of the objections to Markuski's claims and denial of Confirmation of the Amended Plan (Docket No. 105).  In denying the Motion for Reconsideration, the Court highlighted that the Motion basically raised the same issues previously asserted by McNeil, that the Debtor had ample opportunity at the hearing to argue and present evidence in support of his positions, and that the Court, in its rulings, fully considered the documents and evidence presented to the Court and the legal arguments by the respective parties (Docket No. 143).[2]

**STANDARD OF REVIEW**

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where, under any set of facts assumed from the allegations in the complaint, the plaintiff would not be entitled to relief.  *Mylan Lab, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied*, 114 S. Ct. 1307 (1994); *Blackwell v. Mayor and Comm'rs of Delmar*, 841 F. Supp. 151, 154 (D. Md.

---

[2] McNeil has filed an Appeal of the aforesaid Orders entered by the Court.

3

1993).  While reasonable inferences are to be drawn in favor of the plaintiff, the complaint must set forth factual allegations sufficient to establish the elements of recovery.  *Federal Savings & Loan Ins. Corp. v. Williams*, 599 F. Supp. 1184 (D. Md. 1984); *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 461 (D.D.C. 1994).  Further, "[t]he Court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events."  *Jaguar Technologies, Inc. v. Cable-LA, Inc.*, 229 F.Supp.2d 453, 455 (D. Md. 2002) (citations omitted).  *Faulkner Adver., Inc. v. Nissan Motor Corp.*, 945 F.2d 694, 695 (4th Cir. 1991) ("[S]elf-serving, inaccurate legal conclusions cannot rescue a factually deficient complaint").  The function of a motion to dismiss is to test "the sufficiency of a complaint; importantly it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *See Republication Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When reviewing a motion to dismiss, courts typically do not consider facts outside of the complaint, as the court's inquiry is limited to whether plaintiff's allegations constitute a short and plan statement of claim showing that he is entitled to relief.  *See Colleton Regional Hosp. v. MRS Medical Review Systems, Inc.*, 866 F.Supp. 891, 893 (D.S.C. 1994).  However, certain matters not actually contained in the complaint may be considered without the need for conversion of the motion to one for summary judgment.  *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312) (4th Cir. 1995), *judgment vacated on other grounds*, 517 U.S. 1206; *on remand to* 101 F.3d 325 (4th Cir. 1996); 5A C. Wright & A. Miller, Federal Practice & Procedure, §1357 at 299 (2nd ed. 1990) (The Court primarily considers the allegations in the complaint although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account).

4

Notwithstanding the general rule that affirmative defenses should not be considered on a motion to dismiss, the Fourth Circuit allows defenses to be considered if they clearly appear on the face of the complaint. *See Richmond, Fredericksburg & Potomac R. Co. v. Forst* 4 F.3d 244, 250 (4th Cir. 1993). Defenses such as *res judicata* and collateral estoppel may also be considered on a motion to dismiss, and the Court may take judicial notice of prior judicial proceedings, over which there is no disputed material fact. *See Hall v. St. Mary's Seminary & University*, 608 F.Supp.2d 679 (D. Md. 2009), aff'd 378 Fed. Appx. 326 (4th Cir. 2010); *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).

## LEGAL ANALYSIS AND ARGUMENT

The Debtor's Complaint is barred under the doctrine of collateral estoppel. Collateral estoppel (also known as issue preclusion) operates to bar subsequent litigation of those legal and factual issues common to both actions that were "actually and necessarily determined by a court of competent jurisdiction" in the first litigation. *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996); *Nestorio v. Associates Commercial Corp.*, 250 B.R. 50, 55 (D. Md. 2000). The doctrine of collateral estoppel applies in bankruptcy proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 (1991). *See also Turshen v. Chapman*, 823 F.2d 836 (4th Cir. 1987) (nothing that the "normal rules of *res judicata* and collateral estoppel apply to the decisions of bankruptcy courts."). In this case, the Complaint seeks to re-litigate issues actually and necessarily decided as part of prior Orders entered in this case in which this Court determined both of Markuski's claims constituted Domestic Support Obligations and that Claim No. 3-3 was a secured claim. Once it is determined that a claim is a Domestic Support Obligation, the claim must be afforded priority treatment under 11 U.S.C. §507(1)(A), and is non-dischargeable under 11 U.S.C. §1328(a)(2). Collateral estoppel serves to prevent re-litigation of an issue or fact when (1) the

5

issue or fact is identical to the one previously litigated, (2) the issue or fact was actually resolved in the prior proceeding, (3) the issue or fact was critical and necessary to the judgment in the prior proceeding, (4) the judgment in the prior proceeding is final and valid, and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. *In re Microsoft Corp. Antitrust Litigation*, 355 F.3d 322, 326 (4th Cir. 2004); *Baron Financial Corp. v. Natanzon*, 509 F.Supp.2d 501, 524, n.39 (D. Md. 2007); Blair v. Freishtat*, 319 B.R. 420 (D. Md. 2005).*

      Each element necessary for collateral estoppel is present in this case. First, the Debtor's Objection to Markuski's Claim put the questions squarely at issue of whether the claims constituted domestic support obligations and/or were secured. Both issues were actually decided by the Court, and were critical and necessary to the rulings of the Court in determining the priority and secured status of the respective claims, and in part in denying confirmation of the Amended Chapter 13 Plan. Although, the Court's rulings are currently being appealed, at this juncture the prior Orders entered by this Court are deemed valid and are currently controlling in the case. Lastly, McNeil had a full and fair opportunity to present all issues challenging the claims and to actually litigate the issues and facts in the earlier proceedings. There is no question that the issues relating to the status of Markuski's claims as Domestic Support Obligations and/or secured claims were actually and fully litigated. McNeil filed Objections to the Claims and a Memorandum in Support of his Chapter 13 Plan, the issues were submitted to the Court as finder of fact, McNeil had an opportunity to present evidence and be heard, and lastly, McNeil had an incentive to litigate the matter and he clearly understood the implications the Court's rulings

would have in this Chapter 13 case.  *See, Nestorio v. Assoc. Commercial Corp.*, 250 B.R. 50 (D.Md. 2000).[3]

## CONCLUSION

In sum, the facts and legal arguments propounded by McNeil in his Objection to Markuski's claims, and in support of Confirmation of his Chapter 13 Plan, are exactly the same as set forth in his Complaint.  This Court, after an evidentiary hearing, has ruled Markuski's Claims constituted Domestic Support Obligations, which dictates both the priority and dischargeability of the claims.  McNeil's Complaint in essence requests this Court to relitigate the very same issues previously adjudicated by this Court, and are barred by collateral estoppel.

                                                  GOOZMAN, BERNSTEIN & MARKUSKI

                                                  BY:  /s/ Jeffrey W. Bernstein
                                                      Jeffrey W. Bernstein
                                                      Attorneys For Movant
                                                      9101 Cherry Lane, Suite 207
                                                      Laurel, Maryland 20708
                                                      (301) 953-7480
                                                      Federal Bar No. 08458

---

[3] The facts of the instant case differ significantly from the holding of *Hurst v. Suntrust Mortgage, Inc.*, 409 B.R. 79 (D.Md. 2009), where the Court held an Order granting the lifting the automatic stay did not preclude the Chapter 7 Trustee from subsequently filing an adversary case to avoid the deed of trust as a preference.  The Court, in denying a motion to dismiss, emphasized that the procedure for granting of relief from the stay is an expediated proceeding which did not address or determine whether the lien was subject to the avoidance power of the trustee, and the issue of preferential transfer was never submitted to the finder of fact.  Furthermore, the Court held the trustee had no incentive to litigate the preferential transfer in the lift stay proceeding since the relief being requested by the Trustee could not have been granted in the lift stay context.  All of the elements of collateral estoppel found to be absent in the *Hurst* case are present in the instant case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing Memorandum of Points and Authorities in Support of Defendant's Motion To Dismiss Plaintiff's Complaint was mailed first class, postage prepaid or by ECF this **4th day of January, 2013,** to the following:

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD  21046

Nancy Spencer Grigsby, Trustee
4201 Mitchellville Road, Suite 401
Bowie, MD 20716

                                                      */s/Jeffrey W. Bernstein*
                                                      Jeffrey W. Bernstein