IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| RE: MICHAEL ALLAN MCNEIL | * | Case No. 12-18903 DER |
| Debtor | * | Chapter 13 |
| _____ | * | Adversary Proceeding No. 12-00829 |
| MICHAEL ALLAN MCNEIL | * | |
| Plaintiff | * | |
| v. | * | |
| V. Peter Markuski Jr. | * | |
| Defendant | * | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

This Memorandum of Law is filed in support of the Plaintiff's opposition to the Defendant's Motions to Dismiss Plaintiff's Complaint submitted to this court by the Defendant.

FILED
JAN - 8 2013
U.S. BANKRUPTCY
DISTRICT OF MARYLAND

1

## I. FACTS

On December 6, the Plaintiff files an Adversary Complaint pursuant to FRPB 7001 (2) seeking an order, judgment and decree from this Court determining the validity, priority, and extent of any liens, claims, encumbrances, and interests, including any interests of the various claims of V. Peter Marcuski submitted to this court in the Plaintiff's main Bankruptcy Case. The Complaint was also brought pursuant to FRPB 7001(6) a proceeding to determine the dischargeability of a debt claimed owed to V. Peter Marcuski. And finally the Adversary Proceeding was also brought pursuant to FRPB 7001 (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing;

The Plaintiff prior to this Adversary Proceeding has never filed an Adversary Proceeding Complaint against the Defendant, nor has the Defendant ever filed an Adversary Proceeding Complaint against the Plaintiff concerning the matters brought before this court.

## II STANDARD OF REVIEW

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where, under any set of facts assumed from the allegations in the complaint, the plaintiff would not be entitled to relief. Mylan Lab, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 114 S. Ct. 1307 (1994); Blackwell v. Mayor and Comm'rs of Delmar, 841 F. Supp. 151, 154 (D. Md. 1993). While reasonable inferences are to be drawn in favor of the plaintiff, the complaint must set forth factual allegations sufficient to establish the elements of recovery. Federal Savings &

Loan Ins. Corp. v. Williams, 599 F. Supp. 1184 (D. Md. 1984); Wiggins v. Philip Morris, Inc., 853 F. Supp. 458, 461 (D.D.C. 1994). Further, "[t]he Court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." Jaguar Technologies, Inc. v. Cable-LA, Inc., 229 F.Supp.2d 453, 455 (D. Md. 2002) (citations omitted). Faulkner Adver., Inc. v. Nissan Motor Corp., 945 F.2d 694, 695 (4th Cir. 1991) ("[S]elf-serving, inaccurate legal conclusions cannot rescue a factually deficient complaint"). The function of a motion to dismiss is to test "the sufficiency of a complaint; importantly it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." See Republication Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

When reviewing a motion to dismiss, courts typically do not consider facts outside of the complaint, as the court's inquiry is limited to whether plaintiff's allegations constitute a short and plan statement of claim showing that he is entitled to relief. See Colleton Regional Hosp. v. MRS Medical Review Systems, Inc., 866 F.Supp. 891, 893 (D.S.C. 1994). However, certain matters not actually contained in the complaint may be considered without the need for conversion of the motion to one for summary judgment. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312) (4th Cir. 1995), judgment vacated on other grounds, 517 U.S. 1206; on remand to 101 F.3d 325 (4th Cir. 1996); 5A C. Wright & A. Miller, Federal Practice & Procedure, §1357 at 299 (2nd ed. 1990) (The Court primarily considers the allegations in the complaint although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account).

Notwithstanding the general rule that affirmative defenses should not be considered on a motion to dismiss, the Fourth Circuit allows defenses to be considered if they clearly appear on

the face of the complaint. See Richmond, Fredericksburg & Potomac R. Co. v. Forst 4 F.3d 244, 250 (4th Cir. 1993). Defenses such as res judicata and collateral estoppel may also be considered on a motion to dismiss, and the Court may take judicial notice of prior judicial proceedings, over which there is no disputed material fact. See Hall v. St. Mary's Seminary & University, 608 F.Supp.2d 679 (D. Md. 2009), aff'd 378 Fed. Appx. 326 (4th Cir. 2010); Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).

### III ARGUMENT

The Defendant alleges and argues that doctrine of res judicata and collateral estoppel bars the Plaintiff's complaint.

The Plaintiff agrees with the Defendant that the doctrines of res judicata and collateral estoppel apply to bankruptcy proceedings. However, here is where the Plaintiff departs from the Defendant. According to FRPB 7001[1] certain matters can only be heard before this court via an

---

[1] FRPB 7001 An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), [1] (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

4

Adversary Proceeding. And in fact, all the issues brought to this court via this Adversary Proceeding are all issues that can only be determined by this court in an Adversary Proceeding. And since there has never been an Adversary Proceeding whereas the Defendant and the Plaintiff were parties, to res judicata and or collateral estoppel can not possibly be applied to any of the matters that the Plaintiff brings before this court in this Adversary Proceeding.

However, to answer any argument that Defendant might have as to whether or not an adversary proceeding occurred by him filing a claim and the Plaintiff filing his objection, the Plaintiff cites <u>Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989)</u> and states that a objection to a claim does not constitute an adversary proceeding:

> The filing of a proof of claim and the debtor's objection thereto do not constitute an adversary proceeding, and therefore this avenue for invoking Rule 23 was not available to the appellants. <u>Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989)</u>

In any event, if this court had found in favor of the the Plaintiff in determining priority, and or extend of the lien, the Defendant would have not been barred from filing an Adversary Proceeding against the Plaintiff due to the facts that the due process requirement are afforded in an Adversary Proceeding verse Non Adversary Proceedings. As noted before, matters that are listed in FBPB 7001 are required to be initiated as Adversary Proceedings only and are afforded all the procedural requirements in an Adversary Proceing. In essence, since this court has not heard these matters in an Adversary Proceeding, there can be no res judicata and or collateral estoppal since there has been no prior Adversary Proceeding whereas there was a Adversary Complaint filed,

5

a summons issued and served, a pre-trial hearing, opportunity for discovery, pre-filing of exhibits and so forth. Since none of this was done, this matter has not been previously adjudicated fully between the litigants in accordance with the bankruptcy code.

The only thing that has been done prior to this, was there was an objection to claim, which this court should have overruled on the fact that the matters brought before court in the Objection to Claim must be determined in an Adversary Proceeding, and that if the Debtor or the Creditor wanted the court to make the determination as to the matters of priority or the extend of the lien that either the Debtor or Creditor would have to file an Adversary Proceeding complaint.

To this end, the Plaintiff give the court the following citations from the 4th and other circuits that support his argument that this court has not adjudicated the matter since it must be brought before the court via an Adversary Proceeding and not as an Objection To Claim.

The Plaintiff offers the following citations differ to that of a contested matter <u>Cen-Pen Corp. v. Hanson, 58 F.3d 93 (C.A.4 (Va.), 1995)</u>

> Here the Hansons did not take a sufficient "affirmative step" to avoid Cen-Pen's liens. Bankruptcy Rule 7001(2) expressly requires initiation of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property," with one exception not applicable here. The procedural requirements of such an action, which include, inter alia, the filing of a complaint and service of a summons, are set out in the Bankruptcy Rules. Bankruptcy Rule 7004, for instance, governs the procedures for service of process in adversary proceedings. See <u>In re Linkous, 990 F.2d 160, 162 (4th Cir.1993)</u> (adequate notice to affected secured creditor is prerequisite to according preclusive effect to confirmation order

under Sec. 1327).

Gentry v. Siegel, 18 Wage & Hour Cas.2d (BNA) 1235, 56 Bankr.Ct.Dec. 2, 668 F.3d 88 (4th Cir., 2012)

To address these issues, we begin with the bankruptcy case's procedural structure. A bankruptcy case is commenced by the filing of a petition. Fed. R. Bankr.P. 1002(a). Within the case, a creditor may file a proof of claim, which, if objected to, becomes a disputed matter, and a disputed matter in a bankruptcy case is referred to as a contested matter. See Fed. R. Bankr.P. 9014 advisory committee's note; In re American Reserve, 84,0 F.2d 487 (7th Cir.1988) ("All disputes in bankruptcy are either adversary proceedings or contested matters"). An adversary proceeding in a bankruptcy case must fall within one of the categories defined in Rule 7001 and must be commenced by the filing of a complaint. Fed. R. Bankr.P. 7001, 7003

In re Mansaray-Ruffin, 530 F.3d 234 (3rd Cir., 2008)

Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding," including the determination of the "validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr.P. 7001(2).[2] An adversary proceeding is essentially a self-contained trial— still within the original bankruptcy case— in which a panoply of additional procedures apply. See Fed. R. Bankr.P. 7001-7087. Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation. For example, Federal Rule of Bankruptcy Procedure 7003 adopts wholesale Federal Rule of Civil Procedure 3 and thus requires the filing of a complaint to commence an adversary proceeding. Adopting and modifying portions of Federal Rule of Civil Procedure 4, Federal Rule of Bankruptcy Procedure 7004 requires the service of a summons and a copy of the complaint. Federal Rule of Bankruptcy Procedure 7012 provides that the defendant has 30 days to file an answer after the issuance of the summons and makes Federal Rule of Civil Procedure 12(b)-(h) applicable in its entirety, thus allowing, *inter alia*, all of the 12(b) defenses, motions for a more definite statement, and judgments on the pleadings. Moreover, an adversary proceeding offers the parties the same

opportunity for discovery as traditional civil litigation, and the rules regarding voluntary and involuntary dismissals, default judgments, and summary judgment are identical as well. See Fed. R. Bankr.P. 7026-7037, 7041,

### IV Conclusion

The Defendant is simply in error in his belief that the matter has been previously adjudicated and the doctrines of res judica or collateral estoppal apply. The matters brought before this court in the Plaintiff's complaint can only be Adjudicated in an Adversary Proceeding, and there has never been a Bankruptcy Adversary Proceedings between the two parties in the Plaintiff's complaint. Meaning in essence, the relief requested by the Plaintiff's his previous objections to claim could have not been granted by this court via an objection to claim, and therefore, the matter could not have possibly been previously adjudicated in accordance with the rules of this court.

With this said, the Defendant's motion to dismiss based on the application of the doctrines of res judica or collateral estoppal should simply be denied.

Respectfully submitted,

*[signature]*

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

2013-01-08 Plaintiff's Memorandum of Law In Support of Plaintiff's Opposition to Defendnant Motion To Dismiss .odt