

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| RE: MICHAEL ALLAN MCNEIL | * | Case No. 12-18903 DER |
| Debtor | * | Chapter 13 |
| _____ | * | Adversary Proceeding No. 12-00829 |
| MICHAEL ALLAN MCNEIL | * | |
| Plaintiff | * | |
| v. | * | |
| V. Peter Markuski Jr. | * | |
| Defendant | * | |

### PLAINTIFFS REPLY BRIEF TO MARKUSKI'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARY CASE

The Plaintiff's reply brief is filed in response to the the Defendant's SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARY CASE (ECF 14) in accordance with this court's order given on April 2, 2013 concerning the filing of a brief by the Defendant and the opportunity for the Plaintiff to respond.

## I. FACTS

On December 6, the Plaintiff files an Adversary Complaint pursuant to FRPB 7001 (2) seeking an order, judgment and decree from this Court determining the validity, priority, and extent of any liens, claims, encumbrances, and interests, including any interests of the various claims of V. Peter Marcuski submitted to this court in the Plaintiff's main Bankruptcy Case. The Complaint was also brought pursuant to FRPB 7001(6) a proceeding to determine the dischargeability of a debt claimed owed to V. Peter Marcuski. And finally the Adversary Proceeding was also brought pursuant to FRPB 7001 (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing;

The Plaintiff prior to this Adversary Proceeding has never filed an Adversary Proceeding Complaint against the Defendant, nor has the Defendant ever filed an Adversary Proceeding Complaint against the Plaintiff concerning the matters brought before this court.

The Defendant claims that since the matter was heard outside of the statutory requirement of a Adversary Proceeding on September 27, 2012 that the doctrines of res judicata and collateral estoppel apply since this court gave a declarative ruling that the monies owed to the Defendant is a Domestic Support Order and non dischargeable and secured.

The Plaintiff, since this court's ruling has appeal, and appeal is still pending in the District Court.

## II ARGUMENT

Marcuski in this supplemental brief argues that res judicata applies giving several citing

2

several pre 2007 persuasive cases which are a mix of district and non fourth circuit case opinions whereas matters that should have been filed as Adversary Proceedings were heard in the Objection Process under Rule 3007. However, Markuski neglects to mention that Congress in 2007 modified the law making it clear that the court can not hear matters that are to be brought up in Adversary Proceedings under Rule 3007 but must instead only here those matters in a Adversary Hearing only.

In 2007, Federal Rule of Bankruptcy Procedure 3007 was substantially amended. Subsection (b) was added to Rule 3007 to replace the last sentence of what is now subsection (a). Rule 3007(b) provides that a "party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." FED. R. BANKR.P. 3007(b). Due to the modified language of Rule 3007 and Rule 7001 taken together, it only follows that Bankruptcy Courts can not grant relief in an Objection governed by Rule 3007 which can only be granted in a Rule 7001 Adversary Proceeding.

Rule 7001 lists the type of actions that require an adversary proceeding. FED. R. BANKR.P. 7001. Rule 7001(6) states that an action "to determine the dischargeability of a debt" must be made in an adversary proceeding. FED. R. BANKR.P. 7001(6). Because Rule 7001(6) covers disputes over the dischargeability of a debt, and Rule 7001(9) covers the declarative relieve, Rule 3007(b) precludes a debtor from objecting to a claim's dischargeability and/or asking for declarative relieve in the main bankruptcy case. Such objections must be made in an adversary proceeding.

Recent case law, which has strictly interpreted the interaction between Bankruptcy Rules

3

2013-04-15  PLAINTIFFS REPLY BRIEF TO MARKUSKI'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARY CASE.odt

3007(b) and 7001, reinforces the Court's conclusion. <u>In J.S. II</u>, for example, the debtor filed an equitable subordination counterclaim in the main bankruptcy proceeding. <u>In re J.S. II, L.L.C., 389 B.R. 570, 587-88 (Bankr.N.D.Ill.2008)</u>. The court held that Rules 3007(b) and 7001(8), together, mandate that claims for equitable subordination be pursued in an adversary proceeding. Id.

In <u>Gentry v. Siegel, 18 Wage & Hour Cas.2d (BNA) 1235, 56 Bankr.Ct.Dec. 2, 668 F.3d 88 (4th Cir., 2012)</u>, the 4th Circuit has spoken on this matter and has stated the following:

> To address these issues, we begin with the bankruptcy case's procedural structure. A bankruptcy case is commenced by the filing of a petition. Fed. R. Bankr.P. 1002(a). Within the case, a creditor may file a proof of claim, which, if objected to, becomes a disputed matter, and a disputed matter in a bankruptcy case is referred to as a contested matter. See Fed. R. Bankr.P. 9014 advisory committee's note; <u>In re American Reserve, 84.0 F.2d 487 (7th Cir.1988)</u> ("All disputes in bankruptcy are either adversary proceedings or contested matters"). An adversary proceeding in a bankruptcy case must fall within one of the categories defined in Rule 7001 and must be commenced by the filing of a complaint. Fed. R. Bankr.P. 7001, 7003

<u>In re Mansaray-Ruffin, 530 F.3d 234 (3rd Cir., 2008)</u> the 3rd Circuit stated:

> Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding," including the determination of the "validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr.P. 7001(2).[2] An adversary proceeding is essentially a self-contained trial— still within the original bankruptcy case— in which a panoply of additional procedures apply. *See* Fed. R. Bankr.P. 7001-7087. Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation. For example, Federal Rule of Bankruptcy Procedure 7003 adopts wholesale Federal Rule of Civil Procedure 3 and thus requires the filing of a complaint to commence an adversary proceeding. Adopting and modifying portions of Federal Rule of Civil Procedure 4, Federal Rule of Bankruptcy Procedure 7004 requires the service of a summons and a copy of the complaint. Federal Rule of Bankruptcy Procedure 7012 provides that the defendant has 30 days to file an answer after the issuance of the summons and makes Federal Rule of Civil Procedure 12(b)-(h) applicable in its entirety, thus allowing, *inter alia,* all of the 12(b)

4

defenses, motions for a more definite statement, and judgments on the pleadings. Moreover, an adversary proceeding offers the parties the same opportunity for discovery as traditional civil litigation, and the rules regarding voluntary and involuntary dismissals, default judgments, and summary judgment are identical as well. See Fed. R. Bankr.P. 7026-7037, 7041,

With the above case references, it clear that the matter concerning where Markuski is claiming that res judicata and/or collateral estoppel apply can simply be discerned by finding whether or not a court of competent jurisdiction has heard the matter or could have heard the matter and entered a final judgment on the merits. United States v. Tohono O'Odham Nation, 131 S.Ct. 1723, 179 L.Ed.2d 723 10 (2011)

Concentrating on operative facts is also consistent with the doctrine of claim preclusion, or res judicata, which bars "repetitious suits involving the same cause of action" once "a court of competent jurisdiction has entered a final judgment on the merits." *Commissioner* v. *Sunnen,* 333 U. S. 591, 597 (1948).

Therefore, in order for Markuski to assert res judicata he needs to demonstrate that first a court of competent jurisdiction heard the matter on the merits and entered a final judgment.

The undisputed facts are that the Debtor, McNeil being a layman filed an objection to Markuski's claims. The objection was handled under Rule 3007 and not as an Adversary Proceeding under Rule 7001, and this court overruled McNeil objections and made a Declarative Ruling, declaring that the Defendant's claim was secured and that it was a domestic support obligation. No where in the record can it be found that McNeil asked this court to make such a ruling. Furthermore, it is clear that if this court made the exact opposite ruling, stating that Markuski's claim was not secured nor was it a domestic support obligation, Markuski would be able to assert first that this court had not obtain jurisdiction over him, and secondly he would claim that which Plaintiff is claiming is that that ruling would have no res judicata and/or collateral

5

estoppel effect since Congress has limited the scope of this court power to make such rulings in a bankruptcy main case by modifying Rule 3007 as mentioned before.

In short, since the Debtor/Plaintiff could not have possibly prevailed in filing an objection challenging the priority or the status of a secure lien since this court did not obtain any jurisdiction in this matter, since Markuski was not summons there is no possible way that this matter that the Defendant claim that the doctrines of res judicata or collateral estoppel can possibly apply. Simply put, as stated before, concerning those matters, the court should have denied the Debtor's objections stating that those claims for relieve can only be addressed in a Adversary Proceeding filed under Rule 7001.

In short, if this court did not have the authority to grant McNeil's relieve under his Rule 3007 Objection, then this court was not a competent court at that time and therefore res judicata nor collateral estoppel can possibly apply due to the prior objection.

### IV Conclusion

As it stands, the Plaintiff has already appealed this court's prior ruling in the bankruptcy main case concerning its authority to make declarative rulings outside of an Adversary Proceeding. In the event that the appellant court agrees with the Plaintiff and sends the matter back to this court, one can only assume that this court's action towards the previous denied motion is to deny it again based on the fact that it would not be properly before it unless it refiled as an Adversary Proceeding since it has no jurisdiction to hear it in a Claim Objection under rule 3007 because Congress change the law in 2007.

To this extent, this court should simply deny the Markuski's motion affording both parties all the protections and rights that would be afforded to both litigants in an Adversary Proceeding, do to the simple matter that in the prior proceeding, this court had not gained jurisdiction over

this matter until the Plaintiff filed his complaint and served the Defendant's with it. Therefore, since this court lacked any jurisdiction prior to this Adversary over this matter neither res judicata nor collateral estoppel can be used as grounds for dismissal and/or summary judgment.

Respectfully submitted,

_____
Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

Case 12-00829    Doc 15    Filed 04/15/13    Page 7 of 8

7

2013-04-15  PLAINTIFFS REPLY BRIEF TO MARKUSKI'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARY CASE.odt

FILED
APR 1 5 2013
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was by first class mail, postage prepaid on April 15, 2013:

**Jeffery Wayne Bernstein**
Goozman, Bernstein, et al
9101 Cherry Lane
Suit 207
Laurel, MD 20708-1147
(Representing Defendant)

_____
Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

8

2013-04-15 PLAINTIFFS REPLY BRIEF TO MARKUSKI'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARY CASE.odt