FILED
AUG 15 2013

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MARYLAND DISTRICT**
**BALTIMORE DIVISION**

| | | |
|---|---|---|
| IN RE: MICHAEL A. MCNEIL | * | CASE NO. 12-18903-DER |
| Debtor | * | CHAPTER 7 |
| | * | Adv. Pro. No. 12-0829-DER |
| MICHAEL A. MCNEIL | * | |
| Plaintiff | * | |
| v. | * | |
| V. PETER MARKUSKI, JR., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO CONSOLIDATE APPEALS

NOW COMES Michael A. McNeil, the Plaintiff/Debtor pursuant to FRCP Rule 42 which is made applicable to contested matters by Federal Rules of Bankruptcy Procedure (FRBP) 7042 moves to consolidate appeals noted in two different adversary proceedings McNeil v. Markuski, Jr (Adv. Pro. No. 12-0829-DER) and McNeil v. Drazen (Adv. Pro. No. 12-0783-DER ) for the following reasons:

### BACKGROUND

1. On December 6, 2012, the Plaintiff files a complaint against Defendant Markuski asking this court to determine the extent of a lien, priority of a debt, and the dischargeablity of a debt in accordance with Rule 7001 (Adv. Pro. No. 12-0829-DER/ECF 1).

2. On November November 14, 2012, the Plaintiff files a complaint against Defendant

1

Drazin asking this court to determine the extent of a lien, priority of a debt, and the dischargeablity of a debt in accordance with Rule 7001 (Adv. Pro. No. 12-0783-DER/ECF 1 ).

3. On January 14, 2013 in McNeil v. Drazin, this court did decide the extend of Defendant Drazin's lien of the Plaintiff/Debtor's priority and voided the lien, however the court this time did not rule on the priority and the dischargablity of Defendant Drazin's claim.(Adv. Pro. No. 12-0783-DER/ECF 18)

4. On July 30, 2013 in McNeil v. Markuski, this court granted the Defendant's motion to dismiss. (Adv. Pro. No. 12-0829-DER/ECF 16).

5. On August 13, 2013 the Plaintiff in McNeil v. Makuski noted an appeal concerning this courts order dismissing his complaint. (Adv. Pro. No. 12-0829-DER/ECF 18).

6. On July 31, 2013 in McNeil v. Drazin, this court granted that Defendant his motion to dismiss the remaining counts of the Plaintiff's complaint. (Adv. Pro. No. 12-0783-DER/ECF 28)

7. On August 13, 2013 the Plaintiff if McNeil v. Drazin noted an appeal concerning the aforementioned order dismissing the remaining counts of the Plaintiff's complaint. (Adv. Pro. No. 12-0783-DER/ECF 30)

8. The orders docketed by this court in McNeil v. Drazin and McNeil v. Markuski to as the this court's opinion to as why Plaintiff McNeil failed to state a claim are identical.

9. Simultaneously with the filing of this motion the Plaintiff is filing in McNeil v. Markuski the following issue on appeal:

> Did the trial court error when it Dismissed the Plaintiff's complaint concerning the discharchabilty, priority, and extent of a lean of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the dischargablity of a debt was determined even though the FRBP Rule 7001 mandates that discharchabilty, priority, and extent of a lean of a debt of a debt can only be determined via an adversary proceeding?

10. Simultaneously with the filing of this motion the Plaintiff is filing in McNeil v. Drazin the following issue on appeal:

> Did the trial court error when it Dismissed counts two and three of the Plaintiff's complaint concerning the discharchabilty and priority of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the dischargablity of a debt was determined even though the FRBP Rule 7001 mandates that discharchabilty, priority, and extent of a lean of a debt of a debt can only be determined via an adversary proceeding?

3

11. This issues in McNeil v. Marckuski and McNeil v. Drazin are virtually identical.

12. FRCP Rule 42 which is made applicable to contested matters by Federal Rules of Bankruptcy Procedure (FRBP) 7042.

13. FRCP Rule 42(a) states the following:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>> (1) join for hearing or trial any or all matters at issue in the actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or delay

14. Here the consolidation is appropriate at instance because both of appeal inovled common questions of law and fact that will determine the dischargeablity and priority of both Defendant's claims. Also the parties and the appellant court will benefit from the proposed consolidation based on the streamlining of the litigation and the reduction of costs, and the probable decrease in the use of the appellate court's and this court's time and resources.

15. Consolidation under FRCP 42(a) is proper when two action involve common questions of law or fact and the Court determines that consolidation will avoid unnecessary costs or delay. See Dillard v. Merrill Lync, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1161 (5th Cir 1992), cert denied, 506 U.S. 1079(1993).

16. Under the FRCP, joiner of claims, parties and remedies is strongly encouraged. See, e.g., United Mine Workers v. Gibbs, U.S. 715, 86 S.CT 1130 (1966)

17. In determining whether to consolidate two or more actions, courts often balance (a)

efficiency resulting from the prosecution of one action, as opposed to multiple instances of related litigation, and (b) possible problems resulting from consolidation.  See, e.g., Arnold v. Eastern Airlines, Inc., 681 F.2d 186, 193(4th Cir. 1982, cert.denied, 460 U.S. 1102(1983)(the court should balance the saving of time and judicial resources resulting from consolidation against any resulting inconvenience, delay or expense).

18. It is beyond question that the parties and the Court will conserve time and judicial resources by consolidating these two appeal.  Further, there is no substantial prejudice which will result from the proposed consolidation.

   **WHEREFORE,** the Plaintiff/Debtor/Appellant asks that this court consolidate these two appeals.

*[signature]*

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of August, 2013  I mailed a copy of the of the aforementioned  via First Class, United States Mail, postage fully prepaid to the following:

5

| | |
|---|---|
| **Jeffrey Wayne Bernstein**<br>Goozman, Bernstein, et al.<br>9101 Cherry Lane<br>Suite 207<br>Laurel, MD 20708 | **U.S. Trustee's Office**<br>101 W. Lombard St.<br>Suite 2625<br>Baltimore, MD 21201 |
| **Evan M. Goldman**<br>Goldman & Goldman, P.A.<br>Foxleigh Building<br>2330 West Joppa Road, Suite 300<br>Lutherville, MD 21093 | **Cary C Jacobson**<br>THE DRAZIN LAW CENTER, P.A.<br>10420 Little Patuxent Parkway<br>Suite 100<br>Columbia, MD 21044 |

_____
Michael A. McNeil "Pro Se"