UNITED STATES BANKRUPTCY COURT
FOR THE MARYLAND DISTRICT
BALTIMORE DIVISION

FILED
AUG 15 2013

| | | |
|---|---|---|
| IN RE: MICHAEL A. MCNEIL | * | CASE NO. 12-18903-DER |
| Debtor | * | CHAPTER 7 |
| | * | Adv. Pro. No. 12-0829-DER |
| MICHAEL A. MCNEIL | * | |
| Plaintiff | * | |
| v. | * | |
| V. PETER MARKUSKI, JR., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REQUEST FOR CERTIFICATION

NOW COMES Michael A. McNeil, the Plaintiff/Appellant/Debtor pursuant to Federal Rules of Bankruptcy Procedure (FRBP) 8001(f), 28 USC § 158(d)(2) and request that this court certify the appeal noted on August 13, 2013 to the 4th Circuit Court of Appeals for them to hear the matter for the following reasons:

### FACTS

1. On December 6, 2012, the Plaintiff files a complaint against Defendant Markuski asking this court to determine the extent of a lien, priority of a debt, and the dischargeablity of a debt in accordance with Rule 7001 (Adv. Pro. No. 12-0829-DER/ECF 1).

1

2. On July 30, 2013 in McNeil v. Markuski, this court granted the Defendant's motion to dismiss. (Adv. Pro. No. 12-0829-DER/ECF 16).

3. On August 13, 2013 the Plaintiff in McNeil v. Makuski noted an appeal concerning this courts order dismissing his complaint. (Adv. Pro. No. 12-0829-DER/ECF 18).

4. Simultaneously with the filing of this motion the Plaintiff is filing in McNeil v. Drazin the following issue on appeal:

> Did the trial court error when it Dismissed the Plaintiff's complaint concerning the discharchabilty, priority, and extent of a lean of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the dischargablity of a debt was determined even though the FRBP Rule 7001 mandates that discharchabilty, priority, and extent of a lean of a debt of a debt can only be determined via an adversary proceeding?

5. None of the case law cited in the order to dismiss the Plaintiff/Appellant's claims make any reference FRBP Rule 7001 mandates that dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

6. There is no Fourth Circuit Ruling or Supreme Court Ruling concerning the interpretation of FRBP Rule 7001 that mandates that the dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

7. Attached to this request is a copy of this court's order dismissing the Plaintiff's/Appellant's claims.

8. The aforementioned appeal has yet to be docketed in District Court.

## ARGUMENT

9. It is proper for he Plaintiff/Appellant to request certification be filed in this court since 28 U.S.C. §158(d)(2)(A)(i) –(iii) state that a request shall be filed in the court in which a matter is pending and for purposes of 28 U.S.C. §158(d)(2) and this Rule 8001, a matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3). A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3).

10. 28 USC § 158(d)(2)(A) states the following:

> The appropriate court of appeals shall have jurisdiction of appeals described in the

>first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
>
>>(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>>(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>>(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

11. 28 USC § 158(d)(2)(B) states the following:

>If the bankruptcy court, the district court, or the bankruptcy appellate panel—
>
>>(i)   on its own motion or on the request of a party, determines <u>that a circumstance</u> specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or (ii) receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A); then the bankruptcy court, the district court, or the bankruptcy appellate panel <u>shall make the certification</u> described in subparagraph.(A)

12.     As stated in earlier there is no 4th Circuit or Supreme Court law concerning Rule 7001 requirement that a priority, extent of a lien, or dischargeablity can only be determined in an Adversary Proceeding.  Therefore, the question be posed by the Appellant here would be a case of first impression for the 4th Circuit and full fills the requirement of 28 USC § 158(d)(2)(B) that <u>a circumstance</u> specified in 28 USC § 158(d)(2)(A)(i-iii) exist.

13.     Due to the fact that a circumstance specified in 28 USC § 158(d)(A)(i-iii) exist

this court is required by 28 USC § 158(d)(B) to certify the Appellant's appeal to the 4th Circuit.

**WHEREFORE,** the Plaintiff/Debtor/Appellant asks that this court certify the Appellant's appeal to the 4th Circuit so that it may hear the matter concerning the Appellant's question of law were there is currently no 4th Circuit or Supreme Court controlling law.

_____
Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of August, 2013 I mailed a copy of the of the aforementioned via First Class, United States Mail, postage fully prepaid to the following:

**Jeffrey Wayne Bernstein**
Goozman, Bernstein, et al.
9101 Cherry Lane
Suite 207
Laurel, MD 20708

**Evan M. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044

_____
Michael A. McNeil "Pro Se"

Case 12-00829    Doc 16    Filed 07/30/13    Page 1 of 9

Entered: July 30, 2013
Signed: July 29, 2013
**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | Case No. 12-18903-DER |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 12-0829-DER |
| | ) | |
| **V. PETER MARKUSKI, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS

The motion of V. Peter Markuski Jr. to dismiss this adversary proceeding came on for hearing before this court on April 2, 2013. At the conclusion of the hearing, the court held this matter under advisement and requested that the parties file additional memoranda of law. The

court has considered the motion, the opposition, the memoranda of law, and the arguments made by the parties, and is prepared to rule on the motion.

The court has jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This proceeding is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I).

The debtor, Michael A. McNeil, represents himself in this adversary proceeding and in his related main bankruptcy case pending in this court.[1]  On December 6, 2012, Michael McNeil filed a Complaint against Peter Markuski, which initiated this adversary proceeding, regarding the proofs of claim filed by Peter Markuski asserting priority domestic support obligation claims. In Count One of the Complaint, Michael McNeil seeks a determination regarding the validity, priority, or extent of a lien that Peter Markuski has in McNeil's property and further asks the court to fine or imprison Peter Markuski or his attorney for filing a fraudulent claim. Count Two of the Complaint seeks a determination that Peter Markuski's claims are not a "domestic support obligation" within the meaning of the definition in § 101(14A) of title 11 of the United States Code (the "Bankruptcy Code"). Lastly, Count Three of the Complaint seeks a determination that Peter Markuski's claims are not excepted under § 523 of the Bankruptcy Code from the effect of the discharge granted to him by this court because such claims are not domestic support obligations – that is, a determination that the debts to Peter Markuski are dischargeable.

By his Motion to Dismiss Plaintiff's Complaint [Docket No. 7], Peter Markuski seeks entry of an order dismissing the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure) for failure to state a claim upon which relief can be granted. Peter Markuski argues that the

---

[1] In re Michael Allan McNeil, Case No. 12-18903-DER.

Complaint should be dismissed under the doctrines of res judicata or collateral estoppel by reason of this court's prior rulings in Michael McNeil's main bankruptcy case. For the reasons that follow, the Complaint must be dismissed.

Although his bankruptcy case has precipitated much litigation in this court, many of the background facts and circumstances (including those relevant to this adversary proceeding and the pending motion) are not in dispute. Michael McNeil represents himself in a divorce action filed against him by Sarah McNeil in the Circuit Court for Howard County, Maryland (the "Circuit Court") docketed as <u>McNeil v. McNeil</u>, Case No. 13-C-08-075254 (the "Divorce Action"). The Circuit Court appointed Peter Markuski to serve as the best interests attorney for the two minor children of Michael McNeil and Sarah McNeil. Stephen Drazin is an attorney representing Sarah McNeil in the Divorce Action. The Circuit Court entered a Judgment of Absolute Divorce on December 27, 2010 that granted Sarah McNeil a divorce from Michael McNeil and, among other things, ordered Michael McNeil to (i) pay alimony and child support to Sarah McNeil, and (ii) pay Sarah McNeil's attorney's fees and a portion of the fees of Markuski as the best interest attorney for their children. By subsequent orders entered in the Divorce Action, the Circuit Court ordered Michael McNeil to pay additional fees to both Peter Markuski and Stephen Drazin.[2]

Michael McNeil filed a voluntary bankruptcy petition in this court on May 10, 2012 seeking relief under Chapter 13 of the Bankruptcy Code. Confirmation of his initial, amended,

---

[2] Michael McNeil has also filed a complaint in this court against Stephen Drazin in which he seeks the same relief as that sought against Peter Markuski in this Adversary Proceeding. See <u>McNeil v. Drazin</u>, Adversary Proceeding No. 12-00783. Stephen Drazin consented to the relief sought in Count I and an order avoiding judicial lien was entered on January 14, 2013. Stephen Drazin then filed a motion to dismiss Counts II and III of that complaint on substantially the same grounds as those asserted here by Markuski. That motion also came on for hearing on April 2, 2013, and it will be ruled upon in a separate order.

~ 3 ~

and second amended Chapter 13 plans was denied for primarily the same reasons, as summarized in this court's Order Denying Motion to Reconsider entered on November 5, 2012 [Main Case Docket No. 143]. One of the crucial reasons the court denied confirmation of these plans was that Michael McNeil was not proposing to make payments sufficient to cure his pre-bankruptcy arrearages on domestic support obligations. After confirmation of his second amended plan was denied without leave to amend, Michael McNeil filed a motion to convert his case to one under Chapter 7 of the Bankruptcy Code [Main Case Docket No. 240].[3] The court entered an Order granting the debtor's motion on January 22, 2013.

Section 507(a)(1) of the Bankruptcy Code specifies that domestic support obligations are entitled to treatment as priority claims. The term "domestic support obligation" is defined in § 101(14A) of the Bankruptcy Code to include a debt owed to or recoverable by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative that is established by a separation agreement, divorce decree, property settlement agreement or order of a court of record. This adversary proceeding stems from Michael McNeil's continuing assertion that his obligation to pay the attorney's fees awarded to Peter Markuski by the Circuit Court is not a domestic support obligation.

As previously stated, Peter Markuski filed two proofs of claim asserting claims for domestic support obligations entitled to treatment as priority claims under § 507(a)(1) of the Bankruptcy Code. Claim Number 3-3, filed on July 16, 2012, asserts a priority claim in the amount of $47,936.81 for judgments against Michael McNeil for non-payment of attorney's fees

---

[3] The conversion of the main bankruptcy case from one under Chapter 13 to one under Chapter 7 does not impact the issues presented here. The definition of the term "domestic support obligation" in § 101(14A) applies in a case under any Chapter of the Bankruptcy Code. Moreover, the exception to discharge under § 523(a)(5) for a domestic support obligation applies to cases under Chapter 7 and Chapter 13 of the Bankruptcy Code. See 11 U.S.C. §§ 523(a).

~ 4 ~

owed to Peter Markuski as the best interest attorney for McNeil's children. Claim Number 4-1, filed on August 16, 2012, in the amount of $18,102.53 (as amended at Claim Number 4-2, filed on June 13, 2013, in the amount of $9,964.39), asserts a priority claim for additional best interest attorney fees awarded to Peter Markuski on May 17, 2013 by the Circuit Court for fees incurred through and including May 10, 2012 – the date Michael McNeil filed his bankruptcy petition.

On July 31, 2012, Michael McNeil filed an objection to Claim No. 3-3 [Main Case Docket No. 40]. After Peter Markuski filed a response [Main Case Docket No. 46], this court held an evidentiary hearing on September 25, 2012. Although he had not expressly done so in his objection papers, at the hearing Michael McNeil argued that the claim filed by Peter Markuski is not a domestic support obligation. For the reasons stated on the record at the hearing,[4] the court entered an Order on September 27, 2012 [Main Case Docket No. 85] that overruled the objection to Claim No. 3-3. As stated in the Order, Claim No. 3 filed by Peter Markuski was allowed as "a claim for a domestic support obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1)" and "a secured claim to the extent Mr. McNeil is ultimately determined to retain an ownership interest in certain real property." Michael McNeil filed a timely Notice of Appeal with respect to that Order [Main Case Docket No. 165]. His appeal remains pending before the United States District Court for the District of Maryland as of the date of this order.[5]

---

[4] Although Michael McNeil has contended otherwise before this court on numerous occasions, it is a well-settled matter of bankruptcy law that fees owed to a guardian *ad litem* for a debtor's child are considered child support and thus are a domestic support obligation within the meaning of § 101(14A) of the Bankruptcy Code and are entitled to treatment as a priority clam under § 507(a)(1). See Beaupied v. Chang (In re Chang), 163 F.3d 1138 (9th Cir. 1998); Miller v. Gentry (In re Miller), 55 F.3d 1487 (10th Cir. 1995); Kretschmer v. Levin (In re Levin), 306 B.R. 158 (Bankr. Md. 2004); Sinton v. Blaemire (In re Blaemire), 229 B.R. 665 (Bankr. Md. 1999).

[5] See McNeil v. Markuski, Civil Action No. 1:12-CV-03706-WDQ. Michael McNeil also appealed this court's order that overruled his objection to, and allowed as a domestic support obligation, Claim No. 5 filed by Stephen

Similarly, on September 4, 2012, Michael McNeil filed an objection to Claim No. 4-1 [Main Case Docket No. 61]. After Peter Markuski filed a response [Main Case Docket No. 67], this court held an evidentiary hearing on September 25, 2012 and entered an Order on September 27, 2012 [Main Case Docket No. 90] that overruled the objection to Claim No. 4-1. In the Order, Claim No. 4 filed by Peter Markuski was also allowed as "a claim for a domestic support obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1)."

When ruling on a Rule 12(b)(6) motion, "the Court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff." Hemelt v. Pontier (In re Pontier), 165 B.R. 797, 798 (Bankr. D. Md. 1994); see also Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). "[A] complaint should not be dismissed 'merely because the court doubts that the plaintiff will ultimately prevail; so long as a plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted'." Advanced Health-Care Servs., Inc. v. Radford Cmty Hosp., 910 F.2d 139, 145 (4th Cir. 1990) (quoting Adams v. Bain, 697 F.2d 1213, 1216 (4th Cir. 1982)). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (brackets in original); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009). The pleadings must plausibly suggest that the plaintiff is entitled to relief. Bell Atl.

---

Drazin. That appeal is also pending before the United States District Court for the District of Maryland. See McNeil v. Drazin, Civil Action No. 1:12-CV-03819-WDQ.

~ 6 ~

Corp. v. Twombly at 557. In applying this standard, the court is mindful that when a plaintiff represents himself (as is the case here) a court should afford some leniency to the pro se litigant regarding the form of his pleadings. McNeil v. United States, 508 U.S. 106 (1993). Considered under these standards, the Complaint does not state a claim on which relief can be granted and must be dismissed.

The premise of Michael McNeil's argument is that (i) he made a fundamental procedural error when he chose to file objections to Peter Markuski's claims (which was treated as a contested matter) rather than to file a complaint (which would have commenced an adversary proceeding), and (ii) he is therefore now entitled to litigate again in this adversary proceeding the adverse result obtained in his prior contested matter. The answer to this argument is simple. Treatment of his objections to Peter Markuski's claims as a contested matter was not a mistake and, even if it was a mistake, Michael McNeil is not entitled to litigate again a prior adverse ruling which is now on appeal.

This court has already determined that the amounts owed to Peter Markuski as the best interest attorney, and allowed as filed at Claim No. 3-3, are secured claim to the extent Michael McNeil is determined to have an ownership interest in the marital real property. Peter Markuski does not allege that Claim No. 4-2 is secured so there is no determination to be made with respect to that claim. Thus, Count One must be dismissed.[6] Similarly, this court has also already determined that the attorney's fees awarded to Peter Markuski as the best interest attorney in Michael McNeil's divorce case, as stated in both Claim Nos. 3 and 4, are domestic support obligations entitled to treatment as priority claims. Thus, Count Two must be dismissed. This is

---

[6] The court is aware that Michael McNeil also asserts in Count One that Peter Markuski and his attorney, Jeffrey W. Bernstein, should be sanctioned for filing false claims. Those contentions were previously considered and rejected by this court. See, Order Denying Motion for Sanctions entered January 24, 2013 [Main Case Docket No. 245].

~ 7 ~

so not merely because this court denied confirmation of Michael McNeil's various plans because they failed to provide for payment of his secured and domestic support obligations to Peter Markuski and others, but also because the claims were determined to be a domestic support obligation when this court overruled Michael McNeil's objections to Peter Markuski's claims.

The doctrines of res judicata and collateral estoppel preclude Michael McNeil from litigating in this adversary proceeding for a second time matters already decided by the bankruptcy court in earlier proceedings. First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.), 81 F.3d 1310, 1314-1315 (4th Cir. 1996) (debtor was barred by res judicata from objecting to a claim after confirmation of debtor's plan); Federal Deposit Ins. Corp. v. Jones, 846 F.2d 221, 234-35 (4th Cir. 1988). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) (finding that a plan confirmation order is res judicata as to the dischargeability of student loans).

The only issue raised in this adversary proceeding that has not already been decided is whether the fees that are the basis for Peter Markuski's claims are dischargeable. It follows as a matter of law from the court's prior determination that Peter Markuski's fees are domestic support obligations entitled to treatment as priority claims that those fees are not dischargeable, and are domestic support obligations excepted under § 523(a)(5) of the Bankruptcy Code from the effect of the discharge granted to Michael McNeil.[7]  Thus, Count Three must also be dismissed.

Finally, there is no merit to Michael McNeil's contention that the motion to dismiss must be denied because these issues should have been decided in an adversary proceeding after he was afforded an opportunity to take discovery. The determination that is decisive here is the prior

---

[7] Michael McNeil was granted a Chapter 7 discharge on May 3, 2013 [Main Case Docket No. 292].

ruling that Peter Markuski's claims are domestic support obligations entitled to treatment as priority claims.  That decision was the result of litigation commenced by Michael McNeil's objections to Peter Markuski's claims.  A claim objection proceeding is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure in which the rules permitting discovery are applicable.  Gentry v. Siegel, 668 F.3d 83, 92 (4th Cir. 2012).  As pointed out by Peter Markuski, the requirement that the dischargeablity of a claim be determined in an adversary proceeding is intended to provide procedural due process protections to the defendant in the adversary proceeding.  Petroff v. United States (In re Petroff), 2006 Bankr. LEXIS 2338, *3 (Bankr. D. Md. 2006) (citing Hamlet v. Ocwen Fed. Bank, FSB, 286 B.R. 835, 838 (Bankr. W.D. Va. 2002)).  In any event, nothing precludes application of the doctrines of res judicata or collateral estoppel at this stage in this adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy case.

For the above reasons, I conclude that the Complaint fails to state a claim upon which relief can be granted and must be dismissed.

**NOW, THEREFORE**, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

**ORDERED**, that the Complaint and this adversary proceeding should be, and hereby are, **DISMISSED.**

cc:    Plaintiff – Michael A. McNeil
       Defendant's Counsel – Jeffrey W. Bernstein, Esq.
       Chapter 7 Trustee – Brian A. Goldman
       Assistant U.S. Trustee – Mark A. Neal, Esq.

-- END OF ORDER --