

**UNITED STATES BANKRUPTCY COURT
FOR THE MARYLAND DISTRICT
BALTIMORE DIVISION**

| | | |
|---|---|---|
| IN RE: MICHAEL A. MCNEIL | * | CASE NO. 12-18903-DER |
| Debtor | * | CHAPTER 7 |
| _____ | * | Adv. Pro. No. 12-0829-DER |
| MICHAEL A. MCNEIL | * | |
| Plaintiff | * | |
| v. | * | |
| V. PETER MARKUSKI, JR., | * | |
| Defendant | * | |

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FOR APPEAL

**NOW COMES** the Appellant, Michael A. McNeil and hereby request leave, pursuant to 28 U.S.C. § 1915, to proceed "in forma pauperis" and states the following:

1. Standard of Review: In determining whether or not to permit a Appellant to Proceed in Forma Pauperis the he court's discretion is limited to determinations of poverty and objective good faith. <u>Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)</u>. Good faith is demonstrated when an applicant seeks appellate review of any issue that is not frivolous. <u>Coppedge v. United States, 369 U.S. 438, 445 (1962)</u>. 28 U.S.C. § 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.. It is well settled

1

that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("the filing fee, while discretionary, should not take the prisoner's last dollar."). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins, 335 U.S. at 339. At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). Therefore, it determining whether or not to grant leave a court must consider the two factors: 1) a showing by affidavit that he is unable to pay the filing fees, see Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948), and 2) a showing that the proposed proceedings are not frivolous or malicious, see 28 U.S.C. § 1915(e).

2. The Appellant appeal arises out of a Chapter 7 Bankruptcy Case where the Appellant is forced to represent himself.

3. The Appellant's issue on appeal is the following:

> Did the trial court error when it Dismissed the Plaintiff's complaint concerning the discharchabilty, priority, and extent of a lean of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between

2

these parties in the main bankruptcy where the dischargablity of a debt was determined even though the FRBP Rule 7001 mandates that discharchabilty, priority, and extent of a lean of a debt of a debt can only be determined via an adversary proceeding?

4. It should be noted that the issue on appeal is a question that has yet to be posed to the 4th Circuit and various circuits have ruled differently on the matter. Therefore, the matter is not frivolous and the Appellant is acting in "Good Faith" and is not being malicious.

5. Since the Appellant's appeal is taken in "Good Faith" and is not being malicious the Appellant's request to waive fees meets the second factor of the two factors that this court must use in determining whether or not to grant the appellant leave to proceed without prepayment of Appellant Fees.

6. The Appellant with this motion is filing an "AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO PROCEED"

7. The Appellant in paragraph 5 of his affidavit of support states the following:

> "As noted I have a monthly income of $10577 with expenses of $11535 per month which gives me a **with a shortage of $958 each month.** Also note, that the alimony, child support, and medical/dental expenses are court ordered. (Note the previous twelve months wages include a bonus that was paid out.)"

8. The Appellant in his affidavit of support shows that he has been court ordered to pay $4450 per month in child support and alimony.

9. The Appellant according to his affidavit is paying court order medical/dental expenses of $375 per month.

3

10. The Appellant according to his affidavit is paying $3312 per month in Federal Tax, State Tax, FICA Tax and Medicare Tax.

11. If one was to simply take the Appellant's monthly income and subtract out his court ordered support payment and court ordered insurance payments and tax this court will find that the Appellant is left with $2240 per month which is left to meet his needs. However, as noted in the Appellant's affidavit of support he has transportation costs of $550 per month along with car insurance cost of $94 per month. It should be noted that the Appellant transportation cost are largely incurred to transport him from Columbia, MD to Northern Virginia to work, so these cost are necessary for him to earn $10577 per month. Thus, when the court calculates these costs the Appellant has $1793 per month to cover rent, food, utilities, and clothing.

12. As noted in the Appellant's affidavit of support his rent cost him $1579.78 per month add this with other cost it is easy to see that the Appellant is following continuously deeper in debt and bill are going without being paid as it stands.

13. The Appellant by various orders of Howard County Circuit Court has been forced to live a very meager existence and in many ways is worse off than someone on food stamps, due to the fact that a person on food stamps in not continuously racking up court ordered debt that they do not agree to and constantly being threaten with being thrown into jail because he chooses keep current on his taxes tries his best to stay current on his rent so that he isn't tossed into the street with what little belongings he has.

14. Additionally, as stated in his affidavit, almost all of the Appellant's assets are frozen by order of the Howard County Circuit Court, or in the state where he can not liquidate

4

them because the Howard County Circuit Court has granted his estranged wife sole use and possession of those assets.

15. Due to the aforementioned facts, the Appellant is unable to pay at this time and still meet the requirements placed upon him by various court orders to support his family and meet his own needs for life, and therefor the Appellant meets the first factor in that he is unable to pay.

16. Since the Appellant meets both factors in the Standard of Review for this court to waive prepayment of fees, this court should grant his motion.

**WHEREFORE,** the Appellant ask this court to grant the Appellant motion to proceed in forma pauperis" and waive the requirement of fees for his appeals.

*/signature/*
_____
Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of August 2013 I mailed a copy of the of the aforementioned via First Class, United States Mail, postage fully prepaid to the following:

**Evan M. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

**Jeffery Wayne Bernstein**
Goozman, Bernstein, et al
9101 Cherry Lane
Suite 207
Laurel, MD 20708-1147

**U.S. Trustee Office**
101 W. Lombard Street
Suite 2625
Baltimore, MD 21201-2668

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

6